### Bezar v. Dorfman et ux.

*Benjamin Frank,* for plaintiff.
*Edward I. Cutler,* for defendants.

MACNEILLE, P. J., June 19, 1942.—We are considering defendants' motion for judgment on the whole record. The question raised is whether or not proper notice was given to defendants of plaintiff's intention to file a mechanic's lien claim. The notice relied upon by plaintiff is dated July 2, 1941, addressed to:
"Mr. Dorfman
403 East Allen's Lane
Philadelphia, Pa.
DEAR MR. DORFMAN:

This is to inform you that in the event that Mr. Gordon, who happens to be the contractor in charge of the work done on your property, does not pay for the work done by us, I will be obliged to ask you to satisfy these demands.

In the event that you find other reasons to believe that it is not your duty to pay for the job upon completion, please inform me immediately.

Very truly yours
/s/ ISADORE BEZAR."

Bezar, plaintiff in this case, was the subcontractor, and we assume in sending the letter to Mr. Dorfman he meant to send it to Don Dorfman and Hilda B. Dorf-

man, whom he names as defendants. The question is whether or not this constitutes sufficient notice to defendants of the intention to file a mechanic's lien claim.

Section 2 of the Mechanic's Lien Law of June 4, 1901, P. L. 431, is as follows:

"Nor shall any claims for alterations or repairs, or for fitting up or equipping old structures with machinery, . . . be valid, unless it be for a sum exceeding one hundred; and, in the case of a subcontractor, unless, also, written notice of an intention to file a claim therefor, if the amount due be not paid, shall have been given to the owners or some one of them . . . on or before the day the claimant completed his work or furnished the last of his materials."

We do not see in the purported notice that there was any notice to defendants of an intention to file a mechanic's lien claim. It was nothing more than notice that they would be asked personally to pay. It does not give the amount of claim, nor does it set forth what the contract was. Moreover, the tenor of the notice is rather one of inquiry as to the owner's belief in his duty to pay on completion of the job.

A mechanic's lien is a special remedy in rem, and the terms of the act must be strictly followed in order that a plaintiff may avail himself of its benefit.

We feel that in the instant case the notice was deficient in that it gave no expression of intention to file a mechanic's lien claim, nor did it mention the amount of the claim, nor did it mention the nature of the contract in which any supposed obligation arose.

Wherefore, the motion of defendants for judgment on the whole record is hereby considered to be a demurrer. The demurrer is hereby sustained, since it is adjudged that claimant has not given to the owner sufficient notice of his intention to file the lien, and it is ordered and decreed that the lien be stricken from the record.